IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


CHAPARRAL CATTLE CO., L.L.C.,

       Plaintiff,

v.                                      CIV 00-1154 MV/KBM-ACE

ITT HARTFORD INSURANCE GROUP,

       Defendant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court *sua sponte* following my telephonic status conference held today and attended by Mark Riley and David Kurtz (counsel for Hartford), Robert St. John (counsel for proposed intervenor Metropolitan Life), and Tandy Hunt (former counsel for Plaintiff). Given the circumstances set forth below, I will recommend that the presiding judge dismiss this action without prejudice unless new counsel has entered an appearance on behalf of Plaintiff Chaparral by March 16, 2001.

On September 27, 2000, Metropolitan Life Insurance Company filed a Motion to Intervene in this action *(Doc. 8)*, which is now fully briefed and ready for ruling. The next day, Defendant Hartford electronically filed and served a motion to dismiss *(Doc. 9)*. On October 16, 2000, a Suggestion of Bankruptcy *(Doc. 14)* was filed by attorneys Mullins, Holland & Brown, L.L.P., who represent Plaintiff Chaparral in the Chapter 11 action filed October 2, 2000 (Case No. 11-00-15269-MR). Based upon the bankruptcy filing, I stayed discovery because the parties wished to explored the possibility of an arbitrated resolution.

When Metropolitan Life objected to the estate employing Mr. Hunt as special counsel in the case at bar, however, Mr. Hunt withdrew his name from consideration and indicated that he would not seek such approval from Bankruptcy Judge McFeeley.  Apparently, the Bankruptcy Court has not taken any action on the original motion of the estate to employ counsel for Chaparral in this case, nor has any substitution motion been filed.

Mr. St. John informed the Court that Metropolitan filed an independent action on February 22, 2001 involving the subject matter of this case (CIV 01-205 WWD) which may obviate the need to intervene here.  Mr. Riley requested that the Court require Chaparral to file a response to the motion to dismiss within the next two weeks.  However, it appears that Chaparral currently lacks representation and that new counsel would require substantial time and effort to become familiar with this case.

Our local rules provide that "a corporation or partnership <u>must</u> be represented by an attorney authorized to practice before this Court."  D.N.M.LR-CIV. 83.7 (emphasis added). Although this rule does not specifically speak to recently discovered business entities such as a limited liability company, I am unable to ascertain a principled distinction in this context. Therefore, given all these circumstances, I now enter the following recommendation to Judge Vázquez.

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be dismissed without prejudice unless new counsel for Chaparral has entered an appearance in this action by March 16, 2001.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF**

**SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file

written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE